*McElrath & Smith, Winslow & Winslow, for appellant.*

*P. W. Hardin, for appellee.*

---

R. H. POOLE, ET AL *v.* JESSE F. ALLINSWORTH.

[Abstract Kentucky Law Reporter, Vol. 6—594.]

**Probation of a Will.**

An alleged will is not evidence of any right when it has not been probated.

**Statute of Limitations as to Action for Tort.**

Any action of fraud is barred by the statute of limitations after five years from the date a plaintiff becomes twenty-one years of age and where a plaintiff who became of age in 1870 does not institute an action for fraud alleged to have been perpetrated in 1851 until 1881 her proceeding is barred by the statute.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

February 19, 1885.

Opinion by Judge Holt:

J. B. Allinsworth died in 1859, leaving as his only child, the appellant, Louisa M. Pool. The testimony tends strongly to show that he died testate, but his will was never probated.

His brother, John C. Allinsworth, qualified as the guardian of the child in the Christian County Court on March 10, 1858, and as such settled and accounted for all that came to his hands out of the proceeds of the dower land of his ward's grandmother, who died in or near 1858. The child's mother died about the same time; and John C. Allinsworth having died in 1879, this action was brought against his administrator and heirs by said Louisa and her husband, R. H. Pool, on June 7, 1881, seeking to recover a considerable sum from his estate, or his heirs (they having received property from their father) upon the ground that he had fraudulently suppressed or destroyed the will and had converted to his own use, upon the death of J. B. Allinsworth several slaves and some personal property belonging to the latter and which he by the will as is alleged had bequeathed to his child. The demurrer to the petition so far as it sought to recover against the administrator was properly sustained because he qualified in terms, where his intestate resided at the time of his death, and no error has been assigned as to this action of the lower court.

The pleadings of the plaintiff do not clearly show whether they base their right to sue mainly upon the alleged will, or the fact that the female appellant was the only heir of the deceased father. This arises doubtless from the fact that it is claimed that the father left no will; and her right both as heir and devisee is attempted to be asserted; but she seems mainly to rely upon the latter. The alleged will is not evidence in this action of any right as it was never probated.

It can not be established in a proceeding like this action, and this would be indirectly done if a trust were created as is claimed in her favor and against her uncle, by proving what property was devised to the female appellant, and its conversion by him.

It is, however, not necessary to consider this or numerous other questions presented, owing to the conclusion we have reached as to one of them.

The female appellant became of age in 1870, and even if the will were suppressed and property converted by her uncle, it was a fraud and a tort committed by him in 1851, and any action for it was barred by limitation after five years from the time the female appellant became of age. It is urged however, that she had no knowledge of it until shortly before this action was brought; but whether this be so or not is immaterial as more then ten years had elapsed after her majority before the bringing of the suit. Gen. Stat., Chap. 71, Art. 3, Sec. 6.

It is claimed, however, that this defense is not available because John C. Allinsworth was her guardian. This fact is also alleged in the pleadings of the plaintiffs, and a recovery sought upon the guardian bond, but the alleged liability did not arise from the guardianship, nor was it connected with it. The bond was executed in 1858, and can not be held to embrace a liability arising from a tort alleged to have been committed seven years before its existence; and especially when it is not shown that John C. Allinsworth ever recognized the claim of the female plaintiff, to the property, or held it as belonging to her.

The testimony shows that J. B. Allinsworth died owing some debts and that after his death John C. Allinsworth paid them or at least some of them; that aside from the slaves, he got but a very small amount, if any, of the decedent's property, at most some books and medicine.

A sale bill for the slaves, duly acknowledged and recorded, executed by J. B. Allinsworth to him, dated August 30, 1848, is in evidence. It is claimed that the consideration recited in it was never paid, and that the sale was rescinded; but this is not an action for the purchase money and the only evidence tending to support the claim that the sale was cancelled shows some control by J. B. Allinsworth over the slaves subsequent to the date of the sale bill.

After the death of her father the appellant was cared for and raised by John C. Allinsworth, until after his death, not until the lapse of thirty years from the date of the alleged transactions.

Under the circumstances all doubts arising upon the evidence should in our opinion be resolved in favor of the appellees; and we do not think it probable that any hardship arises from the application of the Statute of Limitations in this instance.

It is urged that it is not sufficiently pleaded, and technically this is true, as the answer only alleges that the claim is barred by the lapse of time and that the defendants rely upon the Statute of Limitations, but as heretofore held by the court, it is defective only; and the plaintiffs having failed to ask that it be made more specific or to question its sufficiency in any way, it is now too late to make this objection. *Hutchings v. Frazer,* 13 Ky. Opin. 143.

Judgment *affirmed.*

*Petrie & Littell, J. W. Downer, for appellants.*

*Phelps & Son, John Feland, for appellee.*